J-A18023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BETH ANN GALLAGHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE J. GALLAGHER | : | |
| | : | |
| Appellant | : | No. 296 EDA 2018 |

Appeal from the Order December 18, 2017
In the Court of Common Pleas of Chester County Civil Division at No(s):
2014-06362-DI

BEFORE:   STABILE, J., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:              **FILED AUGUST 30, 2018**

Appellant Eugene J. Gallagher appeals, *pro se*, from the Order entered in the Court of Common Pleas of Chester County on December 18, 2017, granting in part and denying in part Appellee Beth Ann Gallagher's "Third Petition to Enforce Property Settlement Agreement."  In its Pa.R.A.P. 1925(a) Opinion, the trial court found Appellant had waived appellate review of his claims in light of his failure to comply timely with the trial court's Order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Following a careful review, we agree and, therefore, affirm.

A lengthy review of the underlying facts and procedural history herein is not required for our disposition.   On December 18, 2017, the trial court entered a final order in which it directed Appellant, *inter alia*, to pay Appellee Beth Ann Gallagher the amount of $1,264.15 within thirty (30) days of that

_____
* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

Order as per the terms of a Property Settlement Agreement into which the parties had entered on April 30, 2016.[1] On January 16, 2018, Appellant filed a timely notice of appeal. Pursuant to Pa.R.A.P. 1925(b), the trial court ordered Appellant to file a concise statement of errors complained of on appeal on January 19, 2018. Specifically, the court's order directed Appellant "to file of record in this [c]ourt and serve on the undersigned, a Concise Statement of Errors Complained of in the Appeal filed on January 16, 2018[,] in the above captioned matters within twenty-one days (21) from the date of the docketing of this Order in accordance with Pa.R.A.P. 1925(b)(1)." *Id*.

The Order was entered on the docket on January 19, 2018, and the docket sheets indicate under the docket entry for that date that "COPIES SENT TO ALL COUNSEL AND UNREPRESENTED PARTIES"; however, a stamp on the Order itself reads "SENT JAN 23, 2018." Appellant filed his concise statement on February 15, 2018. On March 8, 2018, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) finding that Appellant had waived appellate review of his claims by failing to file his concise statement in a timely manner. *See* Trial Court Opinion, 3/8/18, at 1 (unnumbered). In the alternative, the trial court also held the claims Appellant presented in his concise statement lacked merit. *Id*. at 2-3 (unnumbered).

---

[1] The award was comprised of a $247.14 line of credit reimbursement, a $439.51 sum for Plains Township Property Taxes, and an award of counsel fees in the amount of $577.50.

Before addressing the merits of Appellant's claims, we must evaluate whether he has preserved those issues for our review. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (untimely concise statement waives all claims on appeal); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward ... [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."); ***see also*** Pa.R.A.P. 1925(b)(4)(vii). In doing so, we are mindful that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa.Super. 2017) (citation omitted).

"[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005) (emphasis added); ***see also Castillo***, 888 A.2d at 780. "Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention." ***Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc* ). "[I]t is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements." ***Id.***; ***Hess v. Fox Rothschild, LLP***, 925 A.2d 798, 803 (Pa.Super. 2007)

("Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner.").

This Court looks to the terms of the trial court's Rule 1925(b) order to determine whether non-compliance with Pa.R.A.P. 1925 waives appellate review. *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa.Super. 2013). Pa.R.A.P. 1925(b) sets forth the following requirements for an order that directs the filing of a concise statement:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
> 1) *Filing and service*.—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).
> (2) *Time for filing and service*.—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a

Statement or amended or supplemental Statement nunc pro tunc.

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b).

Herein, the trial court entered an Order directing Appellant to file a concise statement of errors complained of on appeal in conformance with Rule 1925(b). Specifically, the court instructed Appellant to file and "serve on the undersigned" a concise statement "within twenty-one days (21) days from the date of the docketing of [the] Order in accordance with Pa.R.A.P. 1925(b)(1)." The court further informed Appellant that "[a]ny issue not properly included in the Statement timely filed **and** served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." ***Id***. (emphasis added).

As stated previously, the docket entries reflect that copies of the Rule 1925(b) Order were forwarded to all counsel and unrepresented parties on January 19, 2018, and a stamp on the hard copy of the Order contained within the certified record states the Order was "SENT" on January 23, 2018. As such, the trial court's Order conforms with Pa.R.A.P. 1925(b) and Pa.R.C.P. 236. Thus, we next consider Appellant's concise statement.

Although the trial court's order was filed on January 19, 2018, the stamp on the document seems to indicate that notice of the Order was not disseminated until January 23, 2018. Pursuant to Pa.R.A.P. 108(b), "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b). Accordingly, we deem the date of entry of the trial court's Order to be January 23, 2018, and apply Pa.R.C.P. 106 in computing the relevant filing deadline.

In relevant part, Pa.R.C.P. 106 provides: "When any period of time is referred to in any rule, such period in all cases ... shall be so computed as to exclude the first and include the last day of such period." Pa.R.C.P. 106(a). Therefore, we exclude January 23, 2018, from our computation and begin with January 24, 2018. Twenty-one days from January 24, 2018, ended on Tuesday, February 13, 2018. Pa.R.C.P. 205.1 provides, *inter alia*: "A paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa.R.C.P. 205.1. Additionally, Pa.R.A.P. 121 states: "Filing may be accomplished by mail addressed to the prothonotary, but ... filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a). The certified docket entries indicate Appellant did not file his concise statement until February 15, 2018. Because the certified record contains no indication that Appellant requested or received

an extension of time for filing, we conclude that Appellant's filing was untimely.[2]

Even had Appellant timely filed his concise statement, he did not comply with the service requirements of Rule 1925(b). Typically, a failure to comply with Rule 1925 by filing a Rule 1925(b) statement with the court and concurrently serving the statement on the trial judge results in waiver of all issues. **See** Pa.R.A.P. 1925(b)(1) ("Appellant shall file of record the Statement and concurrently *shall* serve the judge.") (emphasis added); **See also Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) (holding that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b)," including that an appellant serve on the trial judge a concise statement of matters complained of on appeal, "will result in automatic waiver of the issues raised").

_____

[2] We are mindful that in 2007, our Supreme Court amended Rule 1925 and added subsection (c)(3), which directs us to remand for the filing of a statement *nunc pro tunc* if we are convinced that counsel has been *per se* ineffective. Pursuant to this provision, this Court remands where a counseled appellant in a criminal case fails to file a Rule 1925(b) statement or an untimely statement that amounts to *per se* ineffectiveness. **See Commonwealth v. Scott**, 952 A.2d 1190 (Pa.Super. 2008) (holding that counsel's failure to file a Rule 1925(b) statement constitutes *per se* ineffectiveness requiring a remand).

This rule providing for a remand pursuant to Pa.R.A.P. 1925(c)(3) is not applicable in the instant, civil matter. Because he is *pro se*, Appellant cannot assert his own ineffectiveness. **See Commonwealth v. Fletcher**, 986 A.2d 759, 773 (Pa. 2009) *citing* **Faretta v. California**, 422 U.S. 806, 834 n. 46 (1975) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness").

As in the instant case, in **Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223 (Pa.Super. 2005), the trial court issued an order instructing the appellant "to file, within fourteen (14) days, a concise, written statement of the matters complained of on appeal, *and to serve a copy of the same upon this Court* pursuant to Rule 1925(b) of the Rules of Appellate Procedure." 879 A.2d at 228 n. 4 (quoting order) (emphasis added). The appellant filed her 1925(b) statement with the prothonotary, but did not serve a copy of the statement on the trial court. In ruling that the appellant waived her issues on appeal, this Court held that Rule 1925(b) is not satisfied when an appellant simply mails his or her 1925(b) statement to the presiding judge, nor is the rule satisfied when an appellant merely files a 1925(b) statement with the prothonotary, as it is not the trial court's responsibility to search the files of the prothonotary to locate the statement. **Id.** at 229.

Because Appellant filed his concise statement untimely and failed to properly serve the trial court therewith, he has waived appellate review of all of his claims. Accordingly, we may not reach the merits of any issue raised in this appeal.

Order affirmed.[3]

---

[3] Following oral argument in this matter, on August 9, 2018, Appellant filed an Application for Post-Submission Communication with this Court wherein he acknowledged and attempted to explain the late filing of his concise statement. Appellant requested "that the timing issue no longer be given any significant weight in the outcome of this appeal." In light of the foregoing, Appellant's motion is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/30/18</u>